**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3141
_____

JUSTIN SOKOL,
                              Appellant

v.

WELLS FARGO BANK, N.A.;
JOHN DOES 1-5 AND 6-10
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3:21-cv-16758)
District Judge: Honorable Michael A. Shipp
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on July 12, 2024

Before: BIBAS, FREEMAN, and ROTH, *Circuit Judges*

(Opinion filed: July 30, 2024)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**FREEMAN**, *Circuit Judge*.

A District Court dismissed Justin Sokol's suit against his former employer for Sokol's failure to prosecute or otherwise comply with the Court's orders. More than ten months later, Sokol unsuccessfully sought relief from the judgment pursuant to Federal Rule of Civil Procedure 60(b)(1). The District Court did not abuse its discretion when it denied the Rule 60(b)(1) motion, so we will affirm.

**I**

After Wells Fargo terminated his employment, Sokol sued the bank in state court. Wells Fargo removed the case to federal court, and the parties commenced discovery in December 2021.

Sokol—who was represented by counsel—failed to comply with numerous obligations in this case. He did not respond to correspondence from Wells Fargo's counsel, and he failed to appear at a Court-ordered scheduling conference in November 2021. He missed several discovery deadlines and served no discovery responses until May 2022, after the Court intervened at Wells Fargo's request.

When Sokol failed to respond to the Court's June 2022 directive to cure the deficiencies in his discovery responses, Wells Fargo again asked the Court to intervene. The Court scheduled an in-person status conference for July 19, 2022, and Sokol again failed to appear. The Court then tried to reach Sokol's counsel at two telephone numbers—the business number listed on the docket and a cell phone number provided by counsel's former law partner. It was unable to reach counsel after multiple attempts.

2

On July 22, 2022, Wells Fargo moved pursuant to Federal Rule of Civil Procedure 41(b) to dismiss the complaint for failure to comply with the Court's orders. On August 25, 2022, a Magistrate Judge issued a Report and Recommendation (R&R) detailing Sokol's dilatory conduct and recommending dismissal.[1] As of that date, Sokol's counsel had not contacted the Court or Wells Fargo's counsel since June 2022. In September 2022, the District Court adopted the R&R and dismissed the complaint with prejudice.

Over ten months later, in July 2023, Sokol sought relief from the dismissal order pursuant to Rule 60(b)(1), asserting excusable neglect. He attached a certification from his counsel, who stated that he left his former law firm on June 1, 2022, and did not realize the defunct email address from that firm was associated with his ECF account. Counsel stated that he updated his ECF account with a functional email in July 2023 (i.e., more than one year later). Counsel further stated that the last correspondence he received about Sokol's case was a May 2022 letter from Wells Fargo. Counsel opted not to "press any issues" in the ensuing fourteen months because he believed Wells Fargo "was not interested in accelerating the resolution of the case" and because, "[f]or both [c]ounsel and the plaintiff, there were reasons that such a delay or pause was not unwelcome." Suppl. App. 3. Neither Sokol's Rule 60(b)(1) motion nor counsel's certification mentioned the R&R that the Court ordered to be served on Sokol and his counsel by first class mail.

---

[1] The Magistrate Judge noted that Sokol's counsel, not Sokol himself, "appears responsible for the prejudicial and dilatory conduct in this case." R&R 6, D. Ct. ECF No. 19.

The District Court denied the Rule 60(b)(1) motion, and Sokol timely appealed.

## II

The District Court had jurisdiction under 28 U.S.C. § 1332(a). We have jurisdiction under 28 U.S.C. § 1291.

We review grants or denials of Rule 60(b) relief for abuse of discretion. *Sovereign Bank v. REMI Cap., Inc.*, 49 F.4th 360, 364 (3d Cir. 2022). Under that standard, we will affirm unless "the District Court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact," or unless "no reasonable person would adopt [its] view." *In re Cendant Corp. PRIDES Litig.*, 235 F.3d 176, 181 (3d Cir. 2000) (internal quotation marks omitted).

## III

The sole basis for Sokol's Rule 60(b)(1) motion was excusable neglect. To evaluate excusable neglect, courts assess the totality of the circumstances, *Nara v. Frank*, 488 F.3d 187, 193–94 (3d Cir. 2007), including: "1) the danger of prejudice to the [non-moving] party; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay—and whether it was within the movant's control; and 4) whether the movant acted in good faith," *Orie v. Dist. Att'y Allegheny Cnty.*, 946 F.3d 187, 191 (3d Cir. 2019).

The Court addressed each of these factors. First, it recounted that Wells Fargo had been prejudiced by Sokol's pre-dismissal failure to comply with discovery obligations. It noted that if discovery were reopened Wells Fargo could be further prejudiced by loss of

4

evidence, fading memories, and unreachable witnesses. Second, although Sokol filed his motion within Rule 60(b)(1)'s outer time limit, *see* Fed. R. Civ. P. 60(c), the Court found that Sokol offered no reasonable explanation for filing nearly eleven months after the dismissal order. Third, the Court found that Sokol's proffered reason for the delay displayed an inexcusable lack of diligence. Finally, it stated that counsel's justifications for his failures strained credulity.

We discern no errors in the Court's analysis, and its view was reasonable. Therefore, we will not interfere with the Court's exercise of discretion.[2]

\* \* \*

For the reasons discussed above, we will affirm the District Court's order denying Sokol's request for relief under Rule 60(b)(1).

---

[2] Sokol did not raise Rule 60(b)(6) before the District Court, so his argument under that rule is forfeited. *Simko v. U.S. Steel Corp.*, 992 F.3d 198, 205 (3d Cir. 2021). In any event, Sokol's appellate brief does not demonstrate the extraordinary circumstances or extreme and unexpected hardship that would warrant Rule 60(b)(6) relief. *See Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014).